# Kelley et al. *v.* Ichkowitz and Abelson; Abelson, Appellant.

*Sales—Sales of personal property—Replevin—Title to property —Counterbond.*

A contract was entered into between two parties for the sale of personal property.   Before the vendee could take possession it was

replevied by other persons claiming title thereto.   On the trial of the replevin proceedings the verdict was in favor of the plaintiffs and judgment was entered thereon.   In the controversy between the vendor and vendee, growing out of the liability on the replevin bond, it was agreed that the court should decide who should pay the replevin judgment and also adjust other matters in controversy.   The court decreed that the vendee should pay the judgments in the replevin suits, and also the balance due on the contract for the sale of the personal property, which was replevied, and a further sum involved in the other dispute between the parties.

*Held:* that the payment of the judgments in the replevin proceedings paid for the property involved in the contract of sale, and that the order which required the defendant to pay a further sum on the contract, constituted reversible error.

Argued October 25, 1921.   Appeal, No. 105, Oct. T., 1921, by Abram Abelson, from judgment of C. P. Centre Co., Sept. T., 1917, No. 115, in the case of M. D. Kelley and Harry P. Kelley, Trading and doing business as Kelley Brothers, v. Nathan Ichkowitz and Abram Abelson.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Modified.

Replevin to recover possession of personal property. Before QUIGLEY, P. J.

The facts are stated in the opinion of the Superior Court.

On the replevin proceedings the jury rendered a verdict in favor of the plaintiff and against the defendants in the sum of $245.62.   On September 13, 1920, Nathan Ichkowitz, defendant, presented a petition for a rule on Abram Abelson, his codefendant, to show cause why Abelson should not pay debt, interest and costs in full of the said judgment, and why a decree should not be made as between Ichkowitz and Abelson that the said Abelson is liable for the entire amount of the judgment, interest and costs.

The court, on March 5, 1921, filed a decree directing Abelson to pay said judgment, as well as the judgment in No. 117, September Term, 1917; the balance due on

the car of scrap iron which was involved in a proceeding pending in the Blair County courts; and $800 in addition, being the alleged balance due on a contract between the parties. Abram Abelson, one of the defendants, appealed.

*Error assigned,* among others, was the decree of the court.

*Ellis L. Orvis,* and with him *William D. Zerby,* for appellant.

*N. B. Spangler,* of *Spangler and Walker,* for appellee.

OPINION BY LINN, J., November 21, 1921:

This appeal and the appeal by the same appellant to No. 106, October Term, 1921, were argued together, and as they present the same question, may be determined in one opinion. From this anomalous record, we shall briefly indicate how the controversy arose. On July 7, 1917, Ichkowitz sold certain personal property to Abelson for $1,000 to be delivered f. o. b. shipping point within one month and received $100 on account. While engaged in loading it for shipment to Abelson, Ichkowitz was served with process in replevin in two suits brought respectively August 15th and 17th, in which both Ichkowitz, appellee, and Abelson, appellant, were named as defendants. The first was brought by Kelley et al. for twenty iron rails; the second by Conwell et al. for a concrete mixer and other stuff, the property claimed in both cases being all the property which Ichkowitz sought to sell to Abelson on July 7th. In both suits, the defendants joined in filing counterbonds and Abelson received the property from the sheriff. The cases were tried and verdicts were rendered and judgments entered for plaintiffs and against defendants respectively for $245.62 and $700. Then, in each case, Ichkowitz filed a petition for a rule on the plaintiffs and on Abelson to show cause

why Abelson should not pay the judgments, and for a stay of execution against Ichkowitz until plaintiffs first exhaust the assets of Abelson, and for an order that as between the two defendants, Abelson was liable for the total of the judgments. This petition was based on averments that Ichkowitz had sold to Abelson the property involved in the replevin suits and that Abelson had taken it on counterbonds filed in those suits. He answered the petition by alleging that he had bought the property from Ichkowitz without notice of any defect in his title; that when the suits in replevin were brought, Ichkowitz still insisted his title was valid and the claims of others without foundation; that Ichkowitz was unable to furnish counterbonds in the suits and requested respondent, who had not been served with process, to aid in defending the suits, agreeing to reimburse respondent therefor; that pursuant to the arrangement he caused the bonds to be filed and the suits to be defended at an outlay aggregating $410; he averred that both judgments, interest and costs amounted in all to $1,280. He also alleged that at another time he had bought a car of scrap iron from Ichkowitz and that Ichkowitz had brought suit against him in Blair County to recover the purchase price of that scrap iron on which he admitted owing $515.28, which he was ready to pay when Ichkowitz made him "whole for monies expended as above set forth at the request of" Ichkowitz. We need not inquire whether that procedure can be sustained on principles of subrogation and contribution, as the plaintiffs made no objection, and as the judgments have since been paid by Abelson the plaintiffs have no interest in these appeals, the dispute now being between Ichkowitz and Abelson.

To enable the court below to dispose of the rules mentioned, depositions were taken by both Ichkowitz and Abelson, and it was agreed, that the same depositions should be filed and read in each case. They further stipulated as follows: "It is also agreed......that the court

......shall have the power to adjust all matters between Nathan Ichkowitz and Abraham Abelson, arising out of the two replevin suits brought......," and also the issue in the suit pending in Blair County.

Pursuant to that agreement, the court ordered Abelson to pay, first, both judgments in the replevin suits; second, "$800, balance due on the contract" of July 7th for the property sold by Ichkowitz to Abelson; and third, "$556.68, balance due on car of scrap" in the Blair County suit. Abelson complied with the first part of the order and paid the judgments in the replevin suits, and no question is now raised about that part of the order. No complaint is made about the award of the amount due in the Blair County suit.

The only question before us is whether the court was correct in ordering appellant to pay Ichkowitz $800, the balance alleged to be due as stated on the contract of July 7th. That part of the order is assailed upon two grounds: (1) that the provision "the court......shall have the power to adjust all matters between Nathan Ichkowitz and Abraham Abelson arising out of the two replevin suits......" did not authorize the court to determine the rights and liabilities existing between Ichkowitz and Abelson under the contract of July 7th, because they did not arise out of the replevin suits. (2) Assuming that the court correctly interpreted the stipulation, the decision was wrong, because appellant contends, there was such failure of consideration as makes the order appealed from manifestly erroneous.

We agree with the first criticism, and if that conclusion were doubtful and the submission assumed, we should be required to agree with the second, that there was such failure of consideration as to vitiate the order. While only parts of the proceedings in replevin are printed in the paper-books, we understand the verdicts and judgments determined that the property belonged to the respective plaintiffs in those suits and not to Ichkowitz or Abelson. When Abelson, then, paid the judg-

ments pursuant to the order of the court, he paid the value of the property to the owners, who had so established their rights in suits defended by both Ichkowitz and Abelson.   On this appeal, therefore, appellant contends that he has paid the real owners for the property, and, as Ichkowitz did not make delivery f. o. b. as agreed upon or otherwise, there was failure of consideration, relieving him from paying Ichkowitz the balance of the purchase money.

The agreement conferred upon the court "power to adjust all matters between Nathan Ichkowitz and Abram Abelson arising out of the two replevin suits."   As Abelson got the property by filing the counterbonds, his liability to pay for it was involved in the replevin suits, and as Ichkowitz got no part of it from the sheriff, it would be inequitable, as between him and Abelson to call upon him to pay the plaintiffs; an order on Abelson to pay both judgments was therefore right.

But the relation of Ichkowitz and Abelson, under the sales memorandum of July 7th, is a different matter. That did not arise out of the replevin suits.   It arose out of their contract of sale.   The contract may have been introduced into the suits as evidence, though the record here does not show the fact, but if it was offered, it could not have been for the purpose of determining the obligations existing between appellant and appellee.   There was an implied warranty on the part of Ichkowitz that he had a right to sell the property: Section 13 of the Sales Act, 1915, P. L. 543, 546.   The replevin suits determined that he had no such right and that there was a breach of the implied warranty, but those suits could not determine the consequences of the breach, for a buyer in such circumstances may elect which of several possible courses he may pursue for redress.   The learned trial judge in his opinion said the agreement of the parties authorized him "to dispose of all their differences"; obviously that is too broad a view.   Counsel for appellee in their argument concede that the matter "was not

specifically mentioned in the rule......nor in the agreement" but suggest the intention of the parties was to include it; appellant's contention in this court is based on a contrary intention and we all agree that the learned court below was not empowered by the agreement to determine the matter.

On the other hand, assuming the power to be conferred, the order made is so manifestly erroneous that it should not be sustained. When Abelson paid the plaintiffs $1,280 to satisfy the judgments, he paid the true owners. Appellee's agreement was to deliver f. o. b. shipping point and he never delivered; the consideration failed. He suggested there was no failure of consideration because when the suits in replevin were brought, he, according to his testimony, offered to repay to appellant what had been paid on account and to rescind, and that appellant refused and demanded performance of the contract by appellee. We do not see that this lessened the failure of consideration; it may be that appellee could only perform by purchasing the property from the plaintiffs in the suits, but appellant was not obliged to assent to rescission at the risk of forfeiting his bargain. So far as the printed record advises us, these defendants learned of the outstanding claim of title and right of possession at the same time. Nothing done afterward indicates any intention on the part of Abelson to release Ichkowitz from his obligation.

The first four assignments of error were not considered and are dismissed. The motion to quash is refused.

The fifth assignment of error is sustained. The record is remitted to the court below with instructions to modify the order complained of by striking from it so much thereof as requires Abram Abelson to pay to Nathan Ichkowitz the sum of $800 balance due on the contract referred to in the order. The costs of this appeal shall be paid by Nathan Ichkowitz.